IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Kyung Ran Lee on behalf of herself and all other Plaintiffs similarly situated known and unknown, | ) ) ) ) ) ) Case No. 16-cv-9280 |
| Plaintiff, v. | ) ) ) ) |
| Compassionate Care, Inc., Jae Ho Suh, Soo Ahn, and Hyun Chong | ) ) ) ) CLASS ACTION ) COMPLAINT |
| Defendants. | ) |

**COMPLAINT**
Collective Action under §216(b) of FLSA
Class Action under Fed. R. Civ. P. 23 for Illinois Wage & Hour Laws

Plaintiff Kyung Ran Lee on behalf of herself and all other Plaintiffs similarly situated known and unknown through their attorneys, for their Complaint against Compassionate Care, Inc., Jae Ho Suh, Soo Ahn and Hyun Chong ("Defendants"), state as follows:

**PRELIMINARY STATEMENT**

This matter stems from the application of a common scheme devised by Defendants to avoid paying Plaintiff and others similarly situated their wages owed. As described herein, Defendants were engaged in the business of Home Care Agency named Compassionate Care, Inc., and Defendants hired Plaintiff and other similarly situated employees to perform work at their customer's own home. Defendants failed to compensate Plaintiff and others for all hours worked.

1

Plaintiff and others are not compensated for any overtime hours. Through these unlawful acts, Defendants evaded the payment of wages owed to Plaintiff and others pursuant to the standards set forth by the FLSA and Illinois Wage and Hour Laws. To date, Defendants are engaged in this unlawful activity.

1. Plaintiff Kyung Ran Lee is a former employee of the Defendants. She provided physical labor, and caring services in private homes.

2. This is a collective and class action brought by individual and representative Plaintiff Kyung Ran Lee on her own behalf and on behalf of the proposed classes. Plaintiff and the putative class members are or were employed by Defendants as "LNA (Licensed Nursing Assistant)", "RN (Registered Nurse)", "Home Care Worker", "Home Health Aide", "Personal Care Aides", "Companion", "Caregiver", "Physical Therapist", "Occupational Therapist", "Speech Therapist", "Medical Social Worker" and in similar job titles, and were denied overtime and minimum wage compensation as required by Illinois state and federal wage and hour laws. These employees are similarly situated under Rule 23 of the Federal Rules of Civil Procedure and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

3. The FLSA Collective is made up of all persons who are, have been, or will be employed by Defendants as "LNA (Licensed Nursing Assistant)", "RN (Registered Nurse)", "Home Care Worker", "Home Health Aide", "Personal Care Aides", "Companion", "Caregiver", "Physical Therapist", "Occupational Therapist", "Speech Therapist", "Medical Social Worker" or similar job titles (collectively as "workers"), within the United States at any time within ten years prior to this action's filing date through the date of final disposition of this action (the "Collective Period")

4. The Illinois Class is made up of all persons who are, have been, or will be employed by Defendants as "LNA (Licensed Nursing Assistant)", "RN (Registered Nurse)", "Home Care Worker", "Home Health Aide", "Personal Care Aides", "Companion", "Caregiver", "Physical Therapist", "Occupational Therapist", "Speech Therapist", "Medical Social Worker" or similar job titles, within the State of Illinois within ten years of the filing of this Complaint through the date of final disposition of this action (the "Illinois Class Period").

5. During the Collective Period and the Illinois Class Period, Defendants failed to compensate for all hours worked to each member of the respective classes as required by federal and state law. Plaintiff seeks relief for the Illinois Class under the Illinois wage and hour laws, the ILLINOIS MINIMUM WAGE LAW (IMWL) 820 ILCS § 105/1 et seq. and the Illinois Wage Payment and Collection Act, 820 ILCS § 115 et seq., and for the FLSA Collective under the FLSA, to remedy Defendants' failure to pay all wages due, pay appropriate minimum wage and overtime compensation, maintain accurate time records, in addition to injunctive relief.

6. Defendants' policy and practice are to deny earned wages, including minimum wage and overtime pay, to their workers. In particular, Defendants required these employees to perform work in excess of forty (40) hours per week but failed to pay them minimum wage and overtime.

**PARTIES**

7. Plaintiff Kyung Ran Lee currently resides in Illinois. Plaintiff Lee was employed as a Home Health Aide from March 3, 2015, to September 3, 2016, and worked at customer's homes. Plaintiff's Consent to become a Party Plaintiff pursuant to 29 U.S.C. § 216(b) is attached as Exhibit A.

8. Defendant Compassionate Care, Inc. is an Illinois corporation and does business in this judicial district.

9. At all times relevant to this Complaint, Defendants Jae Ho Suh, Soo Ahn and Hyun Chong, owned and operated Defendant Compassionate Care, Inc.

10. Defendants are subject to the FLSA and IMWL by the nature of their business and the amount of revenues generated. Defendants' annual dollar volume of a business exceeds five hundred thousand dollars ($500,000.00).

11. Plaintiff worked for Defendants, who, at all times throughout Plaintiff's employment, fell within the purview of the term "employer" under the FLSA, 29 U.S.C. § 203(d). Plaintiff and others similarly situated worked as non-exempt employees for Defendants.

12. At all times relevant to this Complaint, Defendants Compassionate Care, Inc., Jae Ho Suh, Soo Ahn and Hyun Chong supervised the administration of Corporation, limited liability companies and set employee schedules, including Plaintiff's schedules; which overlap at various stores locations. Defendants Jae Ho Suh, Soo Ahn and Hyun Chong were actively engaged in the management and direction of Plaintiff.

13. Defendants Jae Ho Suh, Soo Ahn and Hyun Chong made all decisions relating to Plaintiff's rates and method of pay.

## JURISDICTION AND VENUE

14. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 for the claims brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq.

15. This Court has supplemental jurisdiction over all claims asserted under the ILLINOIS MINIMUM WAGE LAWS in that the claims under these Illinois state laws are

part of the same case and controversy as the FLSA claims, the state, and federal claims derive from a common nucleus of operative fact, the state claims will not substantially dominate over the FLSA claims, and exercising supplemental jurisdiction would be in the interests of judicial economy, convenience, fairness, and comity.

16. The United States District Court for the Northern District of Illinois has personal jurisdiction because DEFENDANTS conducts business within this District.

17. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), inasmuch as Defendants have offices, conduct business, and can be found in the Northern District of Illinois, and the causes of action set forth herein have arisen and occurred in part in the Northern District of Illinois. Venue is also proper under 29 U.S.C. §1132(e) (2) because Defendants have substantial business contacts within the state of Illinois.

## FACTUAL ALLEGATIONS

18. At all relevant times, Defendants have employed, and/or continue to employ, "employee[s]," including Plaintiff and all similarly situated employees. At all relevant times, Defendants have had gross operating revenues in excess of $500,000.00 which is the threshold test for the "enterprise" requirement under the FLSA.

19. At all relevant times, Defendants have been and continue to be, "employers" as defined under IMWL 820 ILCS § 105/3(c). At all relevant times, Defendants have employed, and/or continue to employ, "employee[s]," including Plaintiff and all similarly situated employees as defined under IMWL 820 ILCS § 105/3(d).

20. During many pay periods, Plaintiff and others similarly situated worked well over forty (40) hours in a workweek.

21. Defendants did not pay Plaintiff for all hours worked. Unlawful practices committed by Defendants resulted in Plaintiff and others to be paid fixed amount per day regardless of the number of hours they worked in a day or the number of hours they worked in a workweek.

22. In bad faith, Defendants withheld these wages owed to Plaintiff; and did not pay them proper overtime compensation, even though they worked many overtime hours. Defendants uniformly applied this policy and practice to all workers.

23. All Workers are similarly situated in that they share common job duties and descriptions and were all subject to Defendants' policy and practice and thus they all performed work without proper minimum wage and/or overtime compensation.

24. Defendants kept records of the hours Plaintiff and other workers worked. But Defendants did not pay Plaintiff and other workers for all the hours they worked including overtime hours at the rate of one and one-half times their regular rate of pay, Defendants' wage statements did not accurately reflect all hours Plaintiff and other workers worked.

25. Defendants did not pay Plaintiff and other workers for their overtime hours at the rate of one and one-half times their regular rate of pay. Accordingly, Defendants did not provide Plaintiff and other workers with all compensation owed to them, including their unpaid wage and unpaid overtime, at the time they separated from the company.

26. Defendants' conduct, as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiff and other workers.

## FLSA Collective

27. Plaintiff brings Counts I and II on behalf of herself and other similarly situated employees as authorized under the FLSA, 29 U.S.C. § 216(b). The similarly situated

6

employees are: All Persons who are, have been, or will be employed by Defendants within the State of Illinois within ten years of the filing of this Complaint until the final disposition of this case as non-exempt employee 1) "LNA (Licensed Nursing Assistant)", "RN (Registered Nurse)", "Home Care Worker", "Home Health Aide", "Personal Care Aides", "Companion", "Caregiver", "Physical Therapist", "Occupational Therapist", "Speech Therapist", "Medical Social Worker". ("FLSA Collective")

28.     The FLSA requires employers to compensate non-exempt employees such as Plaintiff and others similarly situated wages reflecting the federal minimum wage rate for each hour worked and overtime wages for hours worked over forty (40) within a single workweek.

29.     Defendants knew that Plaintiff and similarly situated employees typically and customarily worked over forty (40) hours per week and suffered or permitted Plaintiff and others to work more than forty (40) hours per week. Defendants' unlawful conduct has been widespread, repeated and consistent.

30.     Upon information and belief, Defendants knew that Plaintiff and the FLSA Collective performed work that required minimum wage and overtime pay. Defendants required them to work long hours without the proper pay, Plaintiff and/or those similarly situated complained to Defendants about these practices. Defendants operated a scheme to deprive these employees of minimum wage and overtime compensation by failing to properly compensate them for all hours worked.

31.     Defendants' unlawful conduct has been widespread, repeated and consistent.

32. Defendants' conduct, as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiff and the FLSA Collective.

33. Defendants are liable under the FLSA for failing to properly compensate Plaintiff and the FLSA Collective, and as such, notice should be sent to the FLSA Collective. There are numerous similarly situated, current and former employees of Defendants who have been denied minimum wages and overtime pay in violation of the FLSA who would benefit from the issuance of a Court supervised notice of the present lawsuit and the opportunity to join. Those similarly situated employees are known to Defendants and are readily identifiable through Defendant's records.

### Rule 23 Illinois Class

34. Plaintiff (the "Illinois Class Representative") brings this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the following defined class:

Illinois Class: All Persons who are, have been, or will be employed by Defendants within the State of Illinois within ten years of the filing of this Complaint until the final disposition of this case as 1) "LNA (Licensed Nursing Assistant)", "RN(Registered Nurse)", "Home Care Worker", "Home Health Aide", "Personal Care Aides", "Companion", "Caregiver", "Physical Therapist", "Occupational Therapist", "Speech Therapist", "Medical Social Worker".

35. **Numerosity**: Upon information and belief, the Proposed Illinois Class is so numerous that joinder of all members is impracticable. Plaintiffs are informed and believe,

and on that basis allege, that during the relevant time period, Defendants employed more than forty (40) people who satisfy the definition of the Proposed Illinois Class.

36. **Typicality**: The Illinois Class Representatives' claims are typical of the members of the Illinois Class. For example:

   a. The Illinois Class Representative is informed and believes that, like other Workers, he routinely worked more than forty hours per week during the Illinois Class Period.

   b. The Illinois Class Representative had the similar duties and responsibilities as other Class members. Class Representative's and Class Members' primary duty was to provide physical labor or clerical work.

   c. The Illinois Class Representative and the Illinois Class were subject to Defendants' policy and practice of improperly treating and classifying employees in these positions failing to pay appropriate overtime compensation and minimum wages, and failing to maintain accurate records of hours worked.

37. **Superiority**: A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual Plaintiff lack the financial resources to vigorously prosecute separate lawsuits in federal court against large corporate defendants.

38. **Adequacy**: The Illinois Class Representative will fairly and adequately protect the interests of the Illinois Class, and has retained counsel experienced in complex wage and hour class and collective action litigation.

39. **Commonality**: Common questions of law and fact exist to all members of the Illinois Class and predominate over any questions solely affecting individual members of the Class, including but not limited to:

a. Whether Defendants improperly labeled and treated the Illinois Class Representative and the members of the Illinois Class as exempt;

b. Whether Defendants unlawfully failed to pay appropriate overtime and minimum wage compensation to the Illinois Class Representative and the members of Illinois Class in violation of the ILLINOIS MINIMUM WAGE LAW (IMWL) 820 ILCS § 105/1 et seq. and the Illinois Wage Payment and Collection Act, 820 ILCS § 115 et seq., and the FLSA;

c. Whether Defendants employed the Illinois Class Representative and the members of the Illinois Class within the meaning of Illinois law;

d. The proper measure of damages sustained by the Illinois Class; and

e. Whether Defendants' actions were "willful."

40. This case is maintainable as a class action under Fed. R. Civ. P. 23(b)(1) because prosecution of actions by or against individual members of the Illinois Class would result in inconsistent or vary adjudications and create the risk of incompatible standards of conduct for Defendants. Further, adjudication of each individual member's claim as a separate action would be dispositive of the interest of other individuals not party to this action, impeding their ability to protect their interests.

41. Class certification is also appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Illinois Class predominate over any questions only

affecting individual members of the Illinois Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendants' common and uniform policies and practices denied the members of the Illinois Class the overtime pay to which they are entitled. The damages suffered by the individual Illinois Class members are small compared to the expense and burden of individual prosecution of this litigation. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

42. Plaintiffs' intend to send notice to all members of the Illinois Class to the extent required by Rule 23. The names, addresses, and phone numbers of the members of the Illinois Class are available from Defendants.

## COUNT I
### Collective Action under §216(b) of the FAIR LABOR STANDARDS ACT
### Overtime Claims

43. Plaintiff hereby incorporates by reference the foregoing paragraphs of this Complaint into this count.

44. The FLSA requires each covered employer such as Defendants to compensate all non-exempt employees at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours per work week.

45. Plaintiff and the FLSA Collective are entitled to be paid overtime compensation for all hours worked.

46. Defendants, pursuant to their policies and practices, failed and refused to pay overtime premiums to Plaintiff and the FLSA Collective for all of their hours worked.

47. Defendants violated the FLSA, 29 U.S.C. § 201 et seq. by failing to compensate Plaintiff and the FLSA Collective for overtime compensation.

48. Plaintiff and the FLSA Collective do not or did not perform job duties or tasks that permit them to be exempt from overtime compensation as required under the FLSA.

49. By failing to record, report, and/or preserve records of hours worked by Plaintiff and the FLSA Collective, Defendants failed to make, keep, and preserve records with respect to each of their employees sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. § 201 et seq.

50. The foregoing conduct, as alleged herein, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

51. Plaintiff, on behalf of herself and the FLSA Collective, seeks damages in the amount of all respective unpaid overtime compensations at a rate of one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, plus liquidated damages as provided by the FLSA, 29 U.S.C. § 216(b), interest, and such other legal and equitable relief as the Court deems just and proper.

52. Plaintiff, on behalf of herself and the FLSA Collective, seeks recovery of all attorneys' fees, costs, and expenses of this action, to be paid by Defendants, as provided by the FLSA, 29 U.S.C. § 216(b).

**WHEREFORE**, Plaintiff, on behalf of herself and all members of the FLSA Collective, prays for relief as follows:

A. Designation of this action as a collective action on behalf of the FLSA Collective and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA Collective, apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual Consent to Join forms pursuant to 29 U.S.C. § 216(b);

B. A declaration that Defendants are financially responsible for notifying the FLSA Collective of its alleged wage and hour violations;

C. Judgment against Defendants for an amount equal to Plaintiff and the FLSA Collective's unpaid minimum wages and overtime wages at the applicable rates;

D. A finding that Defendants' conduct was willful;

E. An equal amount to the minimum wages and overtime wages as liquidated damages;

F. All costs and attorney' fees incurred prosecuting these claims, including expert fees;

G. Pre-judgment and post-judgment interest, as provided by law;

H. Leave to add additional Plaintiff by motion, the filing of written consent forms, or any other method approved by the Court; and

I. Such further relief as the Court deems just and equitable.

## COUNT II
### FED.R.CIV.P. 23 Class Action under the ILLINOIS MINIMUM WAGE LAW
### Overtime Claims

53. Plaintiff hereby incorporates by reference the foregoing paragraphs of this Complaint into this count.

54. At all times relevant to this action, the Illinois Class Representative and the Illinois Class were employed by Defendants within the meaning of the ILLINOIS MINIMUM WAGE LAW 820 ILCS § 105/1 et seq.

55. By the course of conduct set forth above, Defendants violated the ILLINOIS MINIMUM WAGE LAW 820 ILCS § 105/1 et seq., in particular, § 105/4a (1).

56. The ILLINOIS MINIMUM WAGE LAW 820 ILCS § 105/1 et seq. requires employers, such as Defendants, to pay overtime compensation to all non-exempt employees.

57. The Illinois Class Representative and the Proposed Illinois Class are, were, or will be non-exempt employees entitled to be paid proper overtime compensation for all hours worked.

58. Throughout the Illinois Class Period, and continuing through the present, the Illinois Class Representative and the Illinois Class worked in excess of forty hours in a workweek.

59. During the Illinois Class Period, Defendants failed and refused to pay the Illinois Class Representative and the Illinois Class proper overtime compensation.

60. Defendants had a policy and practice of failing and refusing to pay proper overtime pay to the Illinois Class Representative and the Illinois Class for their hours worked.

61. As a result of Defendants' failure to pay overtime wages earned and due to the Illinois Class Representative and the Illinois Class, Defendants violated the ILLINOIS MINIMUM WAGE LAW.

62. Because Defendants failed to properly pay overtime as required by law, the Illinois Class Representative and the Illinois Class are entitled under the Illinois Minimum Wage Law, 820 ILCS §105/4a (1) and § 105/12 to all overtime compensation due to them at a rate of 1 and ½ times the regular rate of pay for all overtime hours worked in the past three years, and under § 105/12 to recover liquidated damages, costs, and reasonable attorney's fees.

**WHEREFORE**, the Illinois Class Representative on behalf of themselves and all members of the Illinois Class he represents prays for relief as follows:

A. Unpaid overtime and minimum wage wages, other due wages, and injunctive relief pursuant to Illinois law;

B. Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure issuance of notice pursuant to all Illinois Class Members, apprising them of the pendency of this action;

C. A declaration that Defendants are financially responsible for notifying all Illinois Class Members of its alleged wage and hour violations;

D. Designation of the Illinois Class Representative as representative of the Illinois Class, and counsel of record as Class Counsel;

E. Appropriate equitable relief to remedy Defendants' violations of Illinois law;

F. Appropriate statutory penalties;

G. An award of damages and liquidated damages;

H. All costs and attorney' fees incurred prosecuting these claims, including expert fees;

### COUNT III
### FED.R.CIV.P. 23 Class Action under the Illinois Wage Payment & Collection Act
### Failure to Pay Claims

63. Plaintiff hereby incorporates by reference the foregoing paragraphs of this Complaint into this count.

64. The Illinois Wage Payment & Collection Act, 820 ILCS §115/3 et seq., requires that "every employer shall be required, at least semimonthly, to pay every employee all wages earned during the semi-monthly pay period" and pay "final compensation" at the time of separation, if possible, or if not, by the next, regularly scheduled payday for the employee.

65. During the applicable statute of limitations, by the course of conduct set forth above, Defendants have failed to pay the Illinois Class Representative and members of the Illinois Class all wages due in violation of the Illinois Wage Payment & Collection Act, 820 ILCS §115/3 et seq.

66. Because Defendants failed to properly pay wages due as required by law, the Illinois Class Representative and the Illinois Class are entitled under the Illinois Wage Payment & Collection Act, 820 ILCS §115/3 et seq. to recover all wages due, two percent interest per month on all wages due until fully paid, costs, and reasonable attorneys.

**WHEREFORE**, the Illinois Class Representative on behalf of themselves and all members of the Illinois Class he represents prays for relief as follows:

A. Pre-judgment and post-judgment interest, as provided by Illinois law, including but not limited to, two percent (2%) interest per month on all wages due until fully paid; and

B. Such other equitable relief as the Court may deem just and proper.

## Demand for Jury Trial

Plaintiff, individually and on behalf of all other similarly situated, hereby demands a jury trial on all causes of action and claims with respect to which he has a right to jury trial pursuant to Federal Rule of Civil Procedure 38(b).

Respectfully submitted,


Dated: September 27, 2016

        /s/ Ryan Kim
Ryan J. Kim

INSEED LAW, P.C.
2454 E Dempster St Suite 301
Des Plaines, IL 60016
Attorney for Plaintiff